IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

SHANE A. LONIX                                                                                        PLAINTIFF
ADC # 145216

v.                                           2:24CV00142-BSM-JTK

WELLPATH INCORPORATION
REGIONAL OFFICE, et al.                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.     Introduction**

Shane A. Lonix ("Plaintiff") is in custody at the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"). He filed a pro se complaint pursuant to 42 U.S.C. § 1983 and a Motion to Proceed in forma pauperis ("IFP Motion"), which was granted. (Doc. Nos. 1, 2, 4). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 5). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id. at 5). The Court advised Plaintiff that an Amended Complaint would render his original Complaint without legal effect, and that only claims properly set out in the Amended Complaint will be allowed to proceed. (Id.).

Plaintiff has filed his Amended Complaint. (Doc. No. 7). The Court will now continue screening Plaintiff's claims.

## II.     Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).   See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Discussion

Plaintiff's Amended Complaint is the operative pleading in this case.   In his Amended Complaint, Plaintiff sued Captain Lane and Dr. Gary Kerstein (collectively, "Defendants") in their

official capacities only. (Doc. No. 7 at 1-2). Plaintiff alleges Defendant Lane used excessive force against Plaintiff on February 15, 2024, when Plaintiff was already in restraints. (Id. at 4, 6, 7). Plaintiff's left shoulder, left wrist, right knee, left knee, left ankle, right ankle, and back-neck were injured as a result of Defendant Lane's actions. (Id. at 6, 13). Plaintiff complains that Defendant Kerstein failed to provide Plaintiff adequate medical care on January 19, 2024, June 12, 2024, and July 15, 2024. (Id. at 4, 6, 7, 13, 14, 15). According to Plaintiff, he should have received an MRI scan or x-ray. (Id. at 4, 14). Plaintiff also complains that he is charged $3.00 for sick calls. (Id. at 4). Plaintiff included grievances and discovery requests to Defendants with his Amended Complaint.

According to Plaintiff, Defendants' actions violated his constitutional rights, state law, and prison policy. (Doc. No. 7 at 1, 4, 10). Plaintiff seeks damages and injunctive relief. (Id. at 5).

### A.   Defendants Wellpath Incorporation Regional Office and Bennett

As mentioned above, Plaintiff's Amended Complaint is the operative pleading in this action. In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996) ("amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'") (internal citations omitted).

When the Court gave Plaintiff the chance to submit an Amended Complaint, the Court advised Plaintiff that an Amended Complaint should:

> 1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each Defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.

(Doc. No. 5 at 5).

The Court's instructions specifically directed Plaintiff to "name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action" if he chose to file an Amended Complaint. (Id.). The docket reflects that Wellpath Incorporation Regional Office and Bennett are Defendants in this action. But Plaintiff, as the master of his Amended Complaint, did not name Wellpath Incorporation Regional Office or Bennett as Defendants in his amended pleading. As such, there are no pending claims against them. Consequently, Defendants Wellpath Incorporation Regional Office and Bennett should be terminated as parties to this action.

    **B.**    **Official Capacity Claims**

As mentioned above, Plaintiff sued Defendants in their official capacities only.

    **1. Defendant Lane**

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against the Defendant Lane are the equivalent of claims against the state of Arkansas, and his damages claims are barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

The Eleventh Amendment does not bar prospective injunctive relief. Pursuant to Ex Parte Young, an individual may sue a state official in his or her official capacity for prospective injunctive relief to remedy ongoing violations of federal law. Ex Parte Young, 209 U.S. 123, 149-50 (1908). But to establish liability in an official capacity suit under § 1983, a plaintiff must demonstrate that a defendant took action pursuant to an unconstitutional policy or custom. Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006) (internal citation omitted). Plaintiff has not asserted

4

that any policy or practice was the driving force behind Defendant Lane's actions. As such, Plaintiff's claims against Defendant Lane fail and should be dismissed.

### 2. Defendant Kerstein

Plaintiff's official capacity claims against Defendant Kerstein are the equivalent of claims against his employer, Wellpath. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (1993). To state a claim against Wellpath, Plaintiff would have had to plead that a Wellpath policy or custom was the driving force behind the violation of Plaintiff's rights. See Id.

Plaintiff has not alleged that Defendant Kerstein was deliberately indifferent to Plaintiff's serious medical needs as the result of a Wellpath policy or custom.

Plaintiff complained he is charged $3.00 for sick calls. (Doc. 7 at 4). But an inmate may be required to pay for medical expenses when he can afford it. Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). Plaintiff has not alleged that he cannot afford the charges for medical care and is being denied medical care because he is indigent. Without this showing, the policy of charging Plaintiff for a sick call does not rise to the level of a constitutional violation. Plaintiff's claims against Defendant Kerstein should be dismissed for failure to state a claim on which relief may be granted.[1]

### C. State Law Claims

Plaintiff brings the state-law claims of medical malpractice and negligence. (Doc. No. 7 at 6, 7). The Court may decline to exercise supplemental jurisdiction over state-law claims if no live federal claims remain in this case. 28 U.S.C. § 1367. "'[I]n the usual case in which all

---

[1] The Court notes that Plaintiff asserts Defendants' actions violated prison policy. (Doc. No. 7 at 4, 8, 9, for example). But violation of a prison policy, without more, does not establish § 1983 liability. Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point towards declining to exercise jurisdiction over the remaining state-law claims.'"  King v. City of Crestwood, Missouri, 899 F.3d 643, 651 (8th Cir. 2018) (internal citation omitted).  Having already determined that Plaintiff's federal claims should be dismissed, the Court should decline to retain jurisdiction over Plaintiff's state-law claims.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants Wellpath Incorporation Regional Office and Bennett be terminated as parties to this action.

2. Plaintiff's claims against Kerstein and Lane be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

3. The Court decline to retain jurisdiction over Plaintiff's state-law claims;

4. Plaintiff's Amended Complaint be DISMISSED without prejudice; and

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 7th day of October, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE